**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 2:06-cr-14069-KMM

UNITED STATES OF AMERICA,

v.

ERIC MARTIN MATTHEWS,

    Defendant.
_____/

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Defendant Eric Martin Matthews' ("Defendant") Motion Pursuant to *Brady v. Maryland* ("*Brady* Motion") (ECF No. 103), Motion to Withdraw Guilty Plea (ECF No. 104), and Motion to Throw Out Evidence (ECF No. 108). The Court referred the matter to the Honorable Chris M. McAliley, United States Magistrate Judge, who issued a Report and Recommendation recommending that the Motions be DENIED. ("R&R") (ECF No. 143). Defendant filed objections. ("Objs.") (ECF No. 152). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

The prosecution of Defendant arose from a U.S. Immigration and Customs Enforcement ("ICE") investigation of online child exploitation. (ECF No. 1). On March 6, 2007, Petitioner pled guilty to one count of use of a computer to attempt to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(a)(2), and one count of distribution of child pornography, in violation of 18 U.S.C. § 2522(a)(2). (ECF No. 21). On March 6, 2007, the Court sentenced Petitioner to two-hundred and sixty-two (262) months imprisonment, to be followed by lifetime supervised release. (ECF No. 53).

Now, Defendant challenges his conviction arguing that the Government suppressed evidence in violation of *Brady*. In the *Brady* Motion, Defendant argues that the Government violated *Brady* by failing to disclose: (1) the search warrant and supporting affidavits used to search his home, (2) internet connection logs that Defendant later obtained from ICE through a Freedom of Information Act request, and (3) a subpoena to Yahoo! and two letters that Yahoo! wrote to ICE in response to that subpoena. (ECF No. 103). In the Motion to Withdraw Guilty Plea, Defendant argues that his counsel would not have knowingly told Defendant to plead guilty had he known of these documents. (ECF No. 104). Finally, in the Motion to Throw Out Evidence, Defendant argues that the search warrant was flawed because the supporting affidavit was based upon hearsay. (ECF No. 108).

The Government responded in opposition to Defendant's Motions. (ECF No. 111). First, the Government argues that Defendant's Motions are a collateral attack on his conviction and sentence and, therefore, properly construed as motions to vacate pursuant to 28 U.S.C. § 2255. *Id.* at 2–3. And, the Government argues that Defendant's Motions are procedurally barred because Defendant already filed a § 2255 motion, which the Court denied on the merits. *Id.* Second, the Government argues that even if the Court reaches the merits of the Motions, there was no *Brady*

2

violation. *Id.* at 15–16.  Specifically, the Government argues that (1) Defendant knew of the search warrant, (2) search warrants can use hearsay to set forth probably cause and (3) the search warrant was not based only on hearsay but included Defendant's post-*Miranda* admissions and observations of law enforcement officers.  *Id.* at 16.  Third, the Government argues that even if the search warrant had been suppressed, there was still sufficient evidence to convict, including Defendants confession.  *Id.* at 17.

As set forth in the R&R, Magistrate Judge McAliley recommends that the Court deny Defendant's Motions.  First, Magistrate Judge McAliley finds that Defendant's Motions are properly construed as § 2255 motions because the Motions raise constitutional challenges to his conviction.  R&R at 9–10.  And, Magistrate Judge McAliley finds that Defendant's Motions are procedurally barred because (1) Defendant filed a previous § 2255 motion, which the Court denied on the merits, and (2) Defendant has not received authorization from the Eleventh Circuit to file a successive § 2255 motion.  *Id.* at 10.

Third, Magistrate Judge McAliley finds that even if the Court had jurisdiction, Defendant's Motions are without merit.  *Id.* at 11.  Specifically, as to Defendant's *Brady* Motion, Magistrate Judge McAliley finds that (1) Defendant has not identified any exculpatory evidence, (2) Defendant has not shown that he could not have obtained these documents with reasonable diligence, (3) Defendant has not shown that the Government suppressed the evidence, and (4) Defendant cannot show a reasonable probability that the outcome of his case would have been difference.  *See id.* at 11–18.  Additionally, Magistrate Judge McAliley finds that Defendant's Motion to Withdraw Guilty Plea and Throw Out Evidence are based on the alleged *Brady* violation.  *Id.* at 19.  As such, Magistrate Judge McAliley finds that Defendant's Motion to Withdraw Guilty Plea and Throw Out Evidence have no merit because Defendant fails to establish a *Brady* violation.

*Id*. Further, Magistrate Judge McAliley finds that Defendant's Motion to Withdraw Guilty Plea is barred by Rule 11(e) of the Federal Rules of Criminal Procedure. *Id.* at 10–11.

In his Objections, Defendant argues that the objections that he would have raised "would ask this [C]ourt to violate stare decisis which requires this [C]ourt to follow the [Eleventh] Circuit Court of Appeal's rulings." Objs. at 1. Additionally, Defendant argues that he will submit his argument to the Eleventh Circuit in an application for leave to file successive appeal. *Id.* at 1–2. Defendant's Objections are without merit because Defendant does not contest any of Magistrate Judge McAliley findings. *See Macort*, 208 F. App'x at 784.

Accordingly, UPON CONSIDERATION of the Motions, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge McAliley's R&R (ECF No. 143) is ADOPTED and Defendant's *Brady* Motion (ECF No. 103), Motion to Withdraw Guilty Plea (ECF No. 104), and Motion to Throw Out Evidence (ECF No. 108) are DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of August, 2020.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record